UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | Case No. 03 CR 962-1 |
| MARTIN CALDWELL, ) | |
| ) | Judge John W. Darrah |
| Defendant. ) | |

## **MEMORANDUM OPINION AND ORDER**

This matter comes before the Court on Defendant Martin Caldwell's Motion for Sentence Reduction under 18 U.S.C. § 3582(c)(2). The Government filed a response, and Caldwell filed a reply. Caldwell is represented by counsel.

## **BACKGROUND**

On May 10, 2006, pursuant to a written plea agreement, Caldwell pled guilty to one count of "conspiring with others to possess with intent to distribute in excess of 500 grams mixtures containing cocaine; in excess of 50 grams of mixtures containing cocaine base in the form of crack cocaine; in excess of 100 grams of mixtures containing heroin; and mixtures containing marijuana, in violation of . . . [21 U.S.C. § 841(a)(1).]" (Dkt. No. 119 at ¶¶ 1, 3.)

In his plea agreement, Caldwell stipulated that he had distributed, during the course of the conspiracy, between 5 and 15 kilograms of cocaine, 3 and 10 kilograms of heroin, and at least 1.5 kilograms of crack cocaine. (*Id.* ¶ 5.) Caldwell further stipulated

that he was in possession of firearms during his involvement in the distribution of narcotics. (*Id.*)

Based on the stipulated drug quantities, Caldwell's base offense level was 38 pursuant to United States Sentencing Guidelines ("USSG") § 2D1.1(a)(3) and § 2D1.1(c)(1). Caldwell received a two-level enhancement pursuant to § 2D1.1(b)(1) because he was in possession of firearms in connection with the offense. Caldwell also received a three-level reduction, pursuant to § 3E1.1(a) and § 3E1.1(b), for acceptance of responsibility. Therefore, Caldwell's adjusted base offense level was 37. Caldwell's criminal history computation resulted in a criminal history category of III. Caldwell's Guideline range was 262 to 327 months' imprisonment. Because of Caldwell's cooperation, the Government filed a motion pursuant to § 5K1.1 to reduce Caldwell's sentence by one-third of the applicable Guideline range. Accordingly, Caldwell was sentenced to 174 months' imprisonment, to run concurrent to Caldwell's sentence in 03 CR 899.

On June 22, 2007, Caldwell filed a Motion to Clarify Judgment, explaining that the Bureau of Prisons had not properly credited Caldwell for the 40 months he was in custody in connection with Case No. 03 CR 899 before he was sentenced on February 8, 2007. The Court entered an Amended Judgment on June 27, 2007, clarifying that Caldwell is "to be imprisoned for a total uninterrupted term of 134 months to run concurrently to 03-cr-899. [T]he 134-month sentence reflects credit for the 40 months served in case number 03-cr-899." (Dkt. No. 146.)

In 2008, Caldwell filed a motion, seeking reduction of his sentence pursuant to 18 U.S.C. § 3582(c)(2), based on Amendment 715, which became effective May 1, 2008, but was retroactive. Amendment 715 modified the Commentary to § 2D1.1 and, in relevant part, reduced the base offense levels for certain quantities of crack cocaine by two levels. *See* USSG, Supplement to App. C, Amend. 715.

Caldwell's revised offense level was 35, and, when combined with a criminal history category of III, his resulting Guideline range was 210 to 262 months' imprisonment. On June 10, 2008, based on Caldwell's cooperation credit pursuant to § 5K1.1, Caldwell was sentenced to 140 months' imprisonment, to run concurrent with the sentence in 03 CR 899. To put it another way, Caldwell received credit for his 40 months of custody prior to sentencing, resulting in a remaining term of 100 months' imprisonment as of February 8, 2007.

## ANALYSIS

The Fair Sentencing Act of 2010 (the "Act) reduced the disparity between sentences related to cocaine and sentences related to crack. Pub. L. No. 111-220, 124 Stat. 2372 (2010). The Act reduced the statutory penalties for crack offenses and contained directives, requiring the Sentencing Commission to amend the Guidelines. *Id.* at 2372-75. Amendment 748 to the Sentencing Guidelines, which was made effective on November 1, 2010, amended the Drug Quantity Table in § 2D1.1 of the Sentencing Guidelines. *See* USSG, App. C, Vol. III at 374-81. On June 30, 2011, the Sentencing Commission voted to give Amendment 748 retroactive effect, to be designated as

Amendment 750 in Appendix C of the Sentencing Guidelines. *See* 76 Fed.Reg. 41332-35 (July 13, 2011). Amendment 750 went into effect on November 1, 2011. *Id.* at 41332.

Caldwell seeks a reduction of his sentence pursuant to 18 U.S.C. § 3582(c)(2) based on Amendment 750 to the Sentencing Guidelines and based on § 4A1.2, which amended the manner in which criminal history points were calculated. Each will be discussed in turn.

First, in relevant part, § 3582(c)(2) provides:

> in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

Importantly, Section 1B1.10(a)(2)(B) provides that "[a] reduction . . . *is not authorized* under 18 U.S.C. § 3582(c)(2) if . . . an amendment listed in subsection (c) *does not have the effect of lowering* the defendant's applicable guideline range."
USSG § 1B1.10(a)(2)(B) (emphasis added).

In *Dillon v. United* States, 130 S.Ct. 2683 (2010) (*Dillon*), the United States Supreme Court set forth a two-step inquiry for determining whether a reduction of sentence under 18 U.S.C. § 3582(c) is warranted. First, the district court must determine whether the defendant is eligible for a sentence reduction. *Dillon*, 130 S.Ct. at 2691. To determine eligibility, "the court shall determine the amended guideline range that would have been applicable to the defendant if [Amendment 750] had been in effect at the time the defendant was sentenced. In making such determination, the court shall . . . leave all other guideline application decisions unaffected." USSG § 1B1.10(b)(1). If a defendant

is eligible for a reduction of sentence, "the second step of the analytical framework set forth in *Dillon* requires the district court 'to consider any applicable § 3553(a) factors and determine whether, in its discretion, the reduction authorized by reference to the policies relevant at step one is warranted in whole or in part under the particular circumstances of the case.'" *Dillon*, 130 S.Ct. at 2692.

In Caldwell's case, Amendment 750 does not have the effect of further lowering the Guideline range that the Court used to re-calculate Caldwell's sentence after he filed his 2008 motion for reduction of sentence. In 2008, Caldwell's total offense level was 35 and the Guideline range, based on Amendment 715, was 210 to 262 months' imprisonment.

Under the Drug Quantity Table altered by Amendment 750, Caldwell's base offense level is 36.[1] When combined with the other Guideline enhancements and reductions made at the time of Caldwell's sentencing (as set out above), Caldwell concedes that his revised total offense level remains 35. With a criminal history category of III, Caldwell's revised Guideline range is 210 to 262 months' imprisonment. This range is identical to the one used by the Court to re-calculate Caldwell's sentence on June 10, 2008, when the Court reduced Caldwell's sentence to 140 months' imprisonment (or 100 months' imprisonment, taking into account the 40-month credit).

---

[1] Using the drug equivalency tables to translate each drug into marijuana, three kilos of heroin equals 3,000 kilograms of marijuana. Fifteen kilograms of cocaine translates to 3,000 kilograms of marijuana. 1.5 kilograms of crack equals 5,356 kilograms of marijuana. In total, this equals approximately 11,356 kilograms of marijuana, which corresponds to an offense level of 36 under § 2D1.1.

5

"A reduction ... is not authorized under 18 U.S.C. § 3582(c)(2) if ... an amendment listed in subsection (c) does not have the effect of lowering the defendant's applicable guideline range." USSG § 1B1.10(a)(2)(B). Therefore, because the applicable Guideline range is the same as the 2008 Guideline range used by this Court, Caldwell is not entitled to a further reduction of his 235-month sentence. *See, e.g.,* USSG § 1B1.10, cmt. (n.1) (making clear that a reduction is not authorized under 18 U.S.C. § 3582(c)(2) if an amendment in subsection (c) is applicable to the defendant but the amendment does not have the effect of lowering the defendant's applicable Guideline range).

Caldwell argues that this analysis is flawed because the Court, pursuant to § 1B1.10(b)(1) must consider "whether *at the time* of [Caldwell's] original sentencing," his Guideline range would have been reduced. (Reply at 5 (emphasis added).) Caldwell's argument has no merit. The above analysis recalculates Caldwell's sentence had Amendment 750 been in effect at the time of his original sentencing in 2007. Caldwell concedes that his adjusted offense level would be 35, which, combined with a criminal history category III, would result in a Guideline range of 210 to 262 months' imprisonment. But Caldwell then proceeds to entirely ignore that the Court *previously* reduced Caldwell's sentence in 2008. Because Caldwell already has the benefit of Amendment 750, by virtue of the reduction in sentence in 2008, Caldwell is not entitled to any further reduction of sentence. *See* USSG § 1B 1.10(a)(2)(B).

Caldwell also argues that when Caldwell was sentenced in 2008, Caldwell did not receive the 40-month credit for serving time in Case No. 03 CR 899. This is contradicted

by the record. On November 12, 2008, Caldwell again filed a motion for clarification regarding his amended reduced sentence, raising the issue of whether he has received his 40-month credit. The Government filed a response, to which it attached the declaration of James Hazelton of the Bureau of Prisons, in which he made clear that Caldwell has indeed received the 40-month credit.[2] (*See* Dkt. No. 169-2.)

Second, Caldwell argues that he is entitled to a reduction of his sentence based on an amendment of § 4A1.2, which modified the way certain prior convictions affect a defendant's criminal history calculation. This amendment, Amendment 709, became effective November 1, 2007, after Caldwell was sentenced. Because the amendment is not retroactive, it does not apply to Caldwell.

Section 1B1.10(a)(1) provides that a court may reduce a defendant's term of imprisonment if the "guideline range applicable to that defendant has subsequently been lowered as a result of an amendment to the Guidelines Manual listed in subsection (c) below." Thus, the retroactivity of amendments to the Guidelines is determined by the inclusion of such an amendment under USSG § 1B1.10(c). Section 1B1.10(c) does not list Amendment 709 as one of the retroactive amendments. Therefore, this amendment

---

[2] Nor is Caldwell's argument that his release date should be January 2011 persuasive. Caldwell argues that "If all the time since Mr. Caldwell has been in custody counted toward his sentence, Mr. Caldwell should have been released in January 2011." (Reply at 4.) In 2008, Caldwell's sentence was amended to 140 months. Therefore, as of February 7, 2008, when Caldwell was sentenced, he would have to serve 140 months less the 40-month credit. Accordingly, Caldwell had to serve 100 months. As of February 7, 2008, Caldwell had served approximately 60 months. Therefore, with consideration for good-conduct time, Caldwell's release date of July 12, 2013 is correct.

does not apply to Caldwell as he was sentenced *before* Amendment 709 went into effect. *See U.S. v. Ahrendt*, 560 F.3d 69, 78-79 (1st Cir. 2009).

## CONCLUSION

For the reasons set forth above, Caldwell's Motion for Sentence Reduction under 18 U.S.C. § 3582(c)(2) [185] is denied.

Date: 3-8-12

JOHN W. DARRAH
United States District Court Judge